RECEIVED
April 01, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: M. Trujillo
DEPUTY

Case 3:21-cv-00086-KC   Document 3   Filed 04/07/21   Page 1 of 9

U.S. District Court
Western District Court
El Paso Texas

| | |
|---|---|
| Robert C. Quesada ) | |
| ) | |
| Complainant ) Civ No. | **3:21-CV-086-KC** |
| ) | |
| V ) | |
| ) | |
| Stan Pietrusiak  Janet Dhillon ) | |
| EEOC Director   Secretary EEOC ) | |
| ) | |
| Carlton Hadden  William Torruellas ) | |
| OFO Director ) | |
| Shelita Aldrich ) | |
| Linda Gutierrez ) | |
| E.E.O.C. A.J ) | |
| Joh Sherlock ) | |
| Et al ) | |

## BACKGROUND

Robert Quesada is a disabled veteran, who was removed from his position as a Deportation Officer. Carlton Hadden states he is "Robert Erbe's House Nig"(explicative) and "will rule in Robert Erbe's favor no matter what". Carlton Hadden wrote a threat for Robert Erbe stating Robert Quesada will take a demotion on the spot or be fired and any response will be taken as his resignation. Robert Quesada filed an instant EEO complaint. Carlton Hadden ruled that Robert Quesada is not entitled to guaranteed reassignment due to being "Robert Erbe's House Nig" (explicative) and Robert Erbe did not promise Robert Quesada a job.

RMO's are Stan.pietrusiak; Janet.Dhillon;SHELITA.ALDRICH, William.torruellas, John.sherlock, Carlton Hadden

This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to remove the salaries of defendants as required by the "Consolidated Appropriations Act, 2017 (P.L. 115-31), without further delay

2. The Plaintiff was served a Cease and Desist Order threatening Plaintiff (Robert C. Quesada) with Termination if her writes Congress without his supervisor's prior written approval. Robert C. Quesada wrote the Agency and the Defendants for a clarification, requested permission from the Supervisor to write Congress and the EEOC. The Supervisor did not respond and Robert Quesada was terminated for asking for a clarification being told that "it is an easy order to follow" and terminated for addressing Congress without Permission. The letter was written by Carlton Hadden on behalf of his personal Friend Robert Erbe and was served by Robert Erbe's assistant J.D. Whitaker. Linda Gutierrez EEOC Supervisory

Administrative Judge was notified of the order, given the order and was directed to state the Cease and Desist Order labeled Cease and Desist Order is NOT a Cease and Desist Order by J.D. Whitaker, which she followed immediately in various Administrative Actions.

This month J.D. Whitaker has stated that the Cease and Desist Order is a Cease and Desist Order and Plaintiff is to follow it. At this point J.D. Whitaker gave permission to Linda Gutierrez permission to acknowledge and properly read the title. Linda Gutierrez now admits the Seize and Desist Order, which is labeled Cease and Desist Order, is indeed a Cease and Desist Order.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction)

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires EEOC to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). See Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against AILA InfoNet Doc. No. 12111531. (Posted 11/15/12) 3 federal agency); Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act „within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to „compel agency action ... unreasonably delayed," 5 U.S.C. § 706(1).").

5. No part of any appropriation contained in this or any other Act shall be available for the payment of the salary of any officer or employee of the Federal Government, who—prohibits or prevents, or attempts or threatens to prohibit or prevent, any other officer or employee of the Federal Government from having any direct oral or written communication or contact with any Member, committee, or subcommittee of the Congress in connection with any matter pertaining to the employment of such other officer or employee or pertaining to the department or agency of such other officer or employee in any way, irrespective of whether such communication or contact is at the initiative of such other officer or employee or in response to the request or inquiry of such Member, committee, or subcommittee. Reference: U.S. Congress, "Consolidated Appropriations Act, 2017 (P.L. 115-31), Introduced January 4, 2017, by Representative Paul Cook.

any official at the Department who 'prohibits or prevents' or 'attempts or threatens to prohibit or prevent' any officer or employee of the Federal Government from speaking with the Committee could have his or her salary withheld pursuant to section 713 of the Financial Services and General Government Appropriations Act."

18 USC 505 calls for 5 years imprisonment and fines against these officials for their threats and actual action against Plaintiff for notifying Congress of illegal activity.

5 U.S. Code § 7211.Employees' right to petition Congress The right of employees, individually or collectively, to petition Congress or a Member of Congress, or to furnish information to either House of Congress, or to a committee or Member thereof, may not be interfered with or denied.

6. Linda Gutierrez and Carlton Hadden both admit Robert Quesada reported a Prostitution ring out of the El Paso Field Office which Carlton Hadden and Linda Gutierrez are both active participants in. Both individuals to this day claim the disclosure was an "unnecessary attack" and "slanderous". The two participants Robert Quesada disclosed to Congress admitted to the disclosure after first lying to federal investigators and filing false OIG charges against Robert Quesada. The Agency sustained Robert Quesada's disclosure and suspended both participants.

7 In addition to the agency's obligation to protect Robert Quesada's right to speak to Congress. Defendants also had a person official obligation § **2635.101 Basic obligation of public service.**

(a) *Public service is a public trust.* Each employee has a responsibility to the United States Government and its citizens to place loyalty to the Constitution, laws and ethical principles above private gain.

8. The EEOC processes pay every 15 days. The fact the EEOC has failed to take action on this matter well over 15 days shows an unreasonable delay. As set forth below, the delay in processing the Defendant withholding of pay is unreasonable.

## III. VENUE

9. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Defendant Carlton Hadden is sued in his official capacity as Director of Office of Federal Operations, Equal Employment Opportunity Commission (EEOC) a United States federal agency and resident in this district. The Defendant Linda Gutierrez is sued in her official capacity as Supervisory Administrative Judge, in the Equal Employment Opportunity Commission (EEOC"), a United States federal agency and employed in this district. Because Employee Pay Funding for EEOC Employees falls under EEOC national policy – is administered – is certified to the USDA National Financial Center, venue is proper in this district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – Retaining Linda Gutierrez and Carlton Hadden's pay for violating Robert Quesada's right to address congress as specified in applicable laws in this Writ.. Defendants have unreasonably delayed and failed to adjust the Plaintiff's salary to no pay due as a protective administrative remedy for violation of Robert Quesada's statutory right to address Congress. The Plaintiff has no other adequate remedy available for the harm he seeks to redress (even by the Agency's Admission)– the failure of the EEOC to process his application to adjust status in a timely manner.

Robert Quesada wrote all named defendants seeking any administrative rememedy and none of the defendants responded.

## V. PARTIES

11. The Plaintiff, resides in El Paso, Texas . Defendant Linda Gutierrez claims Robert Quesada may be an illegal alien suggesting El Paso, Texas is a city in Mexico, but provides no proof of her conspiracy theory.

We would like to note that the U.S. Western District Court of El Paso is in El Paso, Texas and is the same city Linda Gutierrez claims is in Mexico.

12. The Defendant, Equal Employment Opportunity Commission is charged by law with the statutory and regulatory obligation to seize and completely stop the payment of salary to defendants Carlton Hadden and Linda Gutierrez immediately upon being notified of both individuals threatening and participating in the firing of Plaintiff for speaking to Congress; in regards to a Prostitution ring ran on Government Property, with Government Vehicles, with Government Credit Cards, with falsified government mileage logs to cover up the prostitution ring, through payment from the USDA National Finance Center, falsely claiming Overtime Funding to pay for sexual activity, filing false claims of slander and fraud when in fact the participants plead guilty under a second investigation (participants were caught lying to federal investigators in the first investigation saying the claim was false and perjurdice) and participants were suspended. The EEOC is responsible for certifying the Plaintiffs time sheets and adjusting the pay to zero due to interference with Robert Quesada's disclosure to Congress and is solely responsible for certifying Plaintiff's pay sheet with the USDA National Financial and has the sole authority to do so, pursuant to N.F.C. rules and regulations

## VI. FACTS AND PROCEDURAL HISTORY

13. The Defendents wrote and delivered the Cease and Desist letter to Robert Erbe and J.D. Whitaker to serve upon Robert Quesada to threaten and intimidate him from reporting to Congress

14. The Plaintiff notified his Attorney about the Cease and Desist letter. The attorney requested clarification and reminded the Plaintiffs of the employees right to speak to Congress and that their actions would require the EEOC to retain the Plaintiff's pay for violating the employee's right to address Congress.

15. The Defendantss assisted Robert Erbe and J.D. Whitaker and Simona Flores (Defendants in similar but separate action) to terminate Robert Quesada for reporting to Congress, and to speaking to his attorney. In addition all Defendants claimed Robert Quesada's disclosure was "slanderous" and "false" even though the two employees whose activities being disclosed pled guilty to investigators during a second investigation and were suspended by the Agency.

16 EEOC Director Sam Petrokar was served notice of the incident and took no action. An unreasonable time frame has arisen in which the EEOC has failed to retain the Defendants pay check. The Defendants brag and admit that since Robert Quesada's termination, "not a single employee has filed a Congressional Complaint" (Simona Flores and J.D. Whitaker).

## VII. CAUSE OF ACTION

17. The Plaintiff is entitled to the right to address Congress pursuant to 5 U.S. Code § 7211.Employees' right to petition Congress The right of employees, individually or collectively, to petition Congress or a Member of Congress, or to furnish information to either House of Congress, or to a committee or Member thereof, may not be interfered with or denied.

18 The Plaintiff is entitled to the protection of the right to address Congress which is clearly delineated in the Appropriations act section 713, prohibits the use of appropriations to pay the salary of any Federal officer or employee who interferes with or prohibits certain official communications between

Federal employees and Members of Congress or of any Federal officer or employee who takes adverse action against an officer or employee because of such communications.

19. The Defendants have sufficient information to determine the Defendant's actions were directly related to reprise against Plaintiff corresponding with Congress.

20. In conspiring to further hide the prostitution ring ran by Government Employees with Government Funds and intimidate Plaintiff from further reporting to Congress Plaintiff's ordered Plaintiff to be barred from all Homeland Security Property. This included his Step Son's Naturalization Certification, which required intervention from LULAC and the media to allow Robert Quesada to attend. Defendant admits this action was a direct response to Plaintiff's Congressional Correspondences.

21. The Defendants" inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to the protections offered under section 713, of the appropriation act to protect Plaintiff's rights to address Congress.

22. The Defendants owe the Plaintiff a duty to withhold Defendants Paycheck as a means to protect Plaintiffs right to address Congress and to ensure appropriate administration remedies are implemented by the Responsible Management Officials (being the Defendants) make the Plaintiff whole for violating his right to address, and have unreasonably failed to perform that duty. See, e.g., Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

23 The Plaintiff has no alternative means to obtain action on the Congressional Protective Order under sec 713 ( and his right to issuance of the writ is "clear and indisputable." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); see also Power, 292 F.3d at 784; Matter of Sealed Case, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); Liberty Fund, Inc., 394 F. Supp. 2d at 114 (same). 30. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., Sierra Club, 828 F.3d at 794 (holding that AILA InfoNet Doc. No. 12111531. (Posted 11/15/12) 12 "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); Northern States Power, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay ... we find it appropriate to issue a writ of mandamus ...."); Liu, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited sufficient time for the Defendants to have their Salaries withheld due to first threatening Robert Quesada for addressing Congress and then Terminating Robert Quesada for addressing Congress.

24. The Plaintiff is entitled to action which is a form of a Protective Order, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff. The Statue is a Protective order from Congress (under Appropriations Act Sec 713) "to protect a person from further harassment" from violating Employees right to Address Congress 5 U.S. Code 7211.

25. Defendants" delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

26 In violation of 29 CFR The Defendants have refused to provide Plaintiff an EEO intake when Plaintiff reported the Defendants refused to accept Plaintiff's Guaranteed Placement Packet due to Plaintiff's prior EEO activity against Carlton Hadden and Linda Gutierrez. The agency also has refused to give a final agency decision as required under 29 CFR and his appeal rights.

27 Defendants abandoned their positions with the EEOC, a neutral third party agency, and act on behalf of federal agencies against EEO Complainants. Robert Quesada is a disabled Veteran. The Veterans Administration has found Robert Quesada to be a 100% disabled Veteran. The Social Security Administration has Found Robert Quesada to be 100% disabled. Carlton Hadden and Linda Gutierrez paid a prostitute in their prostitution ring to present herself to be a Physician and claim Robert Quesada, the Veterans Administration and the Social Security Administration are all committing Fraud and that Robert Quesada is NOT disabled. FOIA shows that the prostituted is not a physician and is NOT employed with the Federal Government as a physician. All officials named as defendents were notified and refused to take action against Carlton Hadden and Linda Gutierrez and to this day allow Carlton Hadden and Linda Gutierrez to continue to pay the Prostitute to present herself as a physician and continue to claim that Robert Quesada, the Veterans Administration, the Social Security Administration are all committing Fraud and that Robert Quesada is NOT disabled.

28 Carlton Hadden is a danger to him and admits to violating civil rights. Clark Commission rule 42 calls for his disbarment on blatant stupidity and mental incapacity when he admitted to that he needed Robert Quesada to explain to him that Mail that was sent to people other than Robert Quesada and his attorney, to addresses other than Robert Quesada and his Attorney was not received. Carlton Hadden's admission to being unable to use the U.S. Mail due to mental incompetency creates civil rights violations of violation of due process by his own admission.

29. Linda Gutierrez is using her Private role in the Prostitution ring and using her Government role as a Supervisor Administrative Judge in the Equal Employment Opportunity Commission to attempt to force Hispanics into participating in her prostitution ring. Linda Gutierrez's prostitution ring is being run out of the Immigration and Customs Service Processing Center at El Paso, Texas and the Best Western Hotel at the end of the same street with Government Funds, government credit cards and Government vehicles. Linda Gutierrez claims to be unable to distinguish Hispanic Officers (that refuse to participate in the prostitution ring) in full police uniform, with full police gear, and badges, weapons, baton, pepper spray from the illegal aliens in prison garb.

As a member of the prostitution ring Linda Gutierrez is harassing Hispanics that refuse to partake in her prostitution ring. Linda Gutierrez has ruled that it is reasonable for ICE management to question Hispanic Law Enforcement Officers that refuse to participate in the Prostitution ring citizenship on a daily basis. Linda Gutierrez' own citizenship is in question since she believes U.S. Citizens can lose their citizenship on a daily basis, especially those that proved to the U.S. government that they were born in the U.S. Linda Gutierrez refuses to abide by her own ruling and refuses to prove her citizenship on a daily basis.

### IX. PRAYER WHEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants to implement the Protective Order found under the Appropriations Act SEC 713 removing the Defendants salary for violating the Plaintiff's right

2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

3. Grant such other and further relief as this Court deems proper.

4 As an Officer of the Court, We Pray YOUR HONOR will Notify the Department of Justice Civil Rights Division of the criminal nature of this act 18 U.S. Code § 1505 Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress— Shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

5 We pray that Plaintiff is provided a Restraining Order from the Court in which Defendant's Cease and Desist Order is invalid at time of service and is barred from any communication or action with plaintiff and not to be within 50 feet of Plaintiff.

6 We pray that Plaintiff is provided a Restraining Order from the Court barring for further intimidation from Defendants (the malicious Prosecution): To Wit Defendants with Conspirators sought prosecution from the DHS Federal Protective Services Claiming Plaintiff was going to kill them and hunt them down due to his PTSD by filing court writs, Congressional Testimony and EEOC complaints.

7 We pray that the Plaintiff will receive a proper EEO intake as required under 29 CFR with his Rights and Responsibilities being served.

8 We pray that Linda Gutierrez will have a federal injunction placed on her barring her from receiving a paycheck without presenting an adjudicated I-9 every day prior to reporting to work, adjudicated that same day as per her own ruling.

Respectfully submitted this 4th day of April 2021 via EEOC Portal

1. Compel the Defendants to implement the Protective Order found under the Appropriations Act SEC 713 removing the Defendants salary for violating the Plaintiff's right

2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

3. Grant such other and further relief as this Court deems proper.

4 As an Officer of the Court, We Pray YOUR HONOR will Notify the Department of Justice Civil Rights Division of the criminal nature of this act 18 U.S. Code § 1505 Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress— Shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

5 We pray that Plaintiff is provided a Restraining Order from the Court in which Defendant's Cease and Desist Order is invalid at time of service and is barred from any communication or action with plaintiff and not to be within 50 feet of Plaintiff.

6 We pray that Plaintiff is provided a Restraining Order from the Court barring for further intimidation from Defendants (the malicious Prosecution): To Wit Defendants with Conspirators sought prosecution from the DHS Federal Protective Services Claiming Plaintiff was going to kill them and hunt them down due to his PTSD by filing court writs, Congressional Testimony and EEOC complaints.

7 We pray that the Plaintiff will receive a proper EEO intake as required under 29 CFR with his Rights and Responsibilities being served.

8 We pray that Linda Gutierrez will have a federal injunction placed on her barring her from receiving a paycheck without presenting an adjudicated I-9 every day prior to reporting to work, adjudicated that same day as per her own ruling.

Respectfully submitted this 4th day of April 2021 via EEOC Portal

From: noreply@eeoc.gov,
To: dcache@aol.com,
Subject: Notice Of Receipt Of Statements/Briefs Complainant For 2021001041
Date: Thu, Apr 1, 2021 7:14 pm
Attachments:



**U.S. Equal Employment Opportunity Commission**
**Washington, DC.**

This is to confirm to you that the EEOC has received a Statements/Briefs Complainant Injunction Lost of Pay for threats from speaking to Congress.pdf. This document was uploaded by Robert Quesada on Apr 01, 2021 9:14 PM EDT for 2021001041 associated with 2020-0060 for Equal Employment Opportunity Commission

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at digital-support@eeoc.gov and destroy all copies of the original message and attachments.*

**CERTIFICATE OF SERVICE**

I, Robert C Quesada, Plaintiff pro se, do here by certify that on the First Day of April, 2021, a true and correct copy of the foregoing pleading was forwarded to, Carlton Hadden VIA EEOC Portal, evident Electronic receipt attached

Robert C. Quesada

*/s/ Robert Quesada*

4/1/2021