**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **ROBERT C. QUESADA,** *Plaintiff,* § § § § | No. 3:21-CV-00086-KC |
| **v.** § § | |
| **STAN PIETRUSIAK, DIRECTOR, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,** *Defendants.* § § § § § § | |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered the status of the above-styled and numbered cause. On April 1, 2021, Plaintiff Robert C. Quesada, proceeding *pro se*, filed his application to proceed *in forma pauperis*. (ECF No. 1.) On April 7, 2021, this Court granted Plaintiff's application, and his Complaint was thereafter filed. (ECF Nos. 2, 3.) In the Order, the Court wrote that "[p]rior to ordering service of process on Defendant[s], the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915." (ECF No. 2.) The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for being frivolous and for failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff identifies Stan Pietrusiak, Director of the Equal Employment Opportunity Commission ("EEOC"), and five employees of the EEOC, Janet Dhillon, Carlton Hadden, William Torruellas, Linda Gutierrez, Shelita Aldrich, and Joh Sherlock as defendants in his Complaint

(collectively "Defendants"). (ECF No. 3:1.) Plaintiff states that he "is a disabled veteran, who was removed from his position as a Deportation Officer." (*Id.*)

Plaintiff alleges that he was "served a Cease and Desist Order threatening [him] with Termination if her [sic] writes Congress without his supervisor's prior written approval." (*Id.*) After Plaintiff asked for permission to petition Congress and received no response, he "was terminated for asking for clarification . . . and terminated for addressing Congress without Permission." (*Id.*) Plaintiff also refers to the Cease and Desist Order as a "letter . . . written by Carlton Hadden." (*Id.*)

Plaintiff also references "a Prostitution ring out of the El Paso Field Office which Carlton Hadden and Linda Gutierrez are both active participants in," which he reported, apparently by "disclos[ing it] to Congress." (*Id.* at 3.) Plaintiff states that "[n]o exhaustion requirements apply to [his] . . . complaint for a Writ of Mandamus" and that he "has no other adequate remedy available . . . to redress . . . the failure of the EEOC to process his application to adjust status in a timely manner." (*Id.*)

In recounting the factual and procedural backgrounds in his Complaint, Plaintiff also notes that he names several "Defendants [in this case] in [a] similar but separate action." (*Id.* at 4.) This is apparently a reference to *Quesada v. U.S. District Judge Philip R. Martinez, et al.*, No. 3:21-CV-00087-DAE, 2021 WL 1660681 (W.D. Tex. Apr. 27, 2021), in which Plaintiff is suing the late Honorable Philip R. Martinez, United States District Court Judge, the Honorable Orlando Garcia, United States District Court Judge and Chief of the Western District, and various EEOC employees, including Defendants Hadden and Gutierrez, both of whom are named defendants in the instant case. Plaintiff's claims in *Quesada v. U.S. District Judge Philip R. Martinez*, which include allegations that both federal judges participated in a RICO conspiracy and prostitution

ring, are currently pending screening subsequent to a Report and Recommendation issued by Magistrate Judge Chestney. *Id.*

Plaintiff asks for the following remedies from the Court:[1]

1. Direct the EEOC to withhold Defendants' salary;

2. Issue a declarative "Restraining Order . . . in which Defendant's [sic] Cease and Desist Order is invalid at time of service";

3. Direct the EEOC "that Plaintiff will receive a proper EEOC intake as required under 29 CFR . . .";

4. "Notify the Department of Justice Civil Rights Division" of Defendants' crimes, including threats and obstruction of justice; and

5. Grant attorney's fees and costs pursuant to the Equal Access to Justice Act.

(ECF No. 3:8).

## II. LEGAL STANDARDS

Title 28 U.S.C. § 1915 directs a court to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court may *sua sponte* dismiss on these grounds even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare the prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[2]

---

[1] The Court has consolidated and reorganized Plaintiff's claims here for clarity.
[2] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (stating that service on defendants is not required before dismissing an action for failure to state a claim) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that 28 U.S.C. § 1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal")).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).  A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

To determine whether an *in forma pauperis* complaint fails to state a claim on which relief may be granted, courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011) (per curiam).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any

valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## III.  ANALYSIS

### a. A writ of mandamus may only be issued in extraordinary circumstances.

As a preliminary matter, the Court notes that Plaintiff styles his Complaint as a "mandamus action to compel the Defendants and those acting under them to take all appropriate action to remove the salaries of defendants as required by the 'Consolidated Appropriations Act, 2017 (P.L. 115-31)." (ECF No. 3:1, missing closing quotation mark in original.)

Plaintiff is correct that federal district courts are authorized to issue writs of mandamus. 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." However, the Supreme Court has specified that a writ of mandamus may only be issued under "extraordinary circumstances." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35–36 (1980).

The Supreme Court has established three requirements that must be met for a court to issue a writ: "(1) the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process; (2) the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (internal quotes omitted, alterations in original) (quoting from *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004)).

### b. Plaintiff argues that the Administrative Procedure Act applies as a waiver of sovereign immunity in this case.

Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Estate of Johnson*, 836 F.2d 940, 943 (5th Cir. 1988). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Thus, the scope of any waiver must be strictly construed in favor of the government. *Id.* (citation omitted); *McCarty v. United States*, 929 F.2d 1085, 1087 (5th Cir. 1991). Finally, "the plaintiff bears the burden of establishing subject matter jurisdiction, and, thus,

must prove an explicit waiver of immunity." *Ishler v. IRS*, 237 F. App'x 394, 398 (5th Cir. 2007) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)).

Plaintiff argues that his suit arises under the waiver of sovereign immunity contained in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 et seq. (ECF No. 8:2.) The APA waives sovereign immunity in suits seeking relief other than monetary damages. *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 535 (5th Cir. 1990). As Plaintiff seeks injunctive and mandamus relief, this prerequisite for lodging a complaint within the APA's waiver is satisfied.

However, "[t]he APA . . . does not provide an independent basis for subject matter jurisdiction on federal courts." *Offiiong v. Holder*, 864 F.Supp.2d 611, 625 (S.D. Tex. 2012) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)). Rather, "[t]he APA states that '[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof,' but only of '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Id.* (quoting *Califano*, 430 U.S. at n.1 and 5 U.S.C. §§ 702, 704).

### c.  Plaintiff lacks standing to ask the Court to order the EEOC to withhold Defendants' salaries.

The Court first addresses Plaintiff's request that the Court "Compel the Defendants to implement the Protective Order found under Appropriations Act SEC 713 removing the Defendants['] salary for violating the Plaintiff's right." (ECF No. 3:8.) The Court finds that Plaintiff's request "that Linda Gutierrez will have a federal injunction placed on her barring her from receiving a paycheck without present[ing] an adjudicated I-9 every day prior to reporting to work," is in the same vein and therefore also addresses that request here. (*Id.*)

Here, Plaintiff lacks standing to ask that the Court order the EEOC to withhold Defendants' salaries. "Article III standing, at its 'irreducible constitutional minimum', requires Plaintiffs to

demonstrate: they have suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely . . . be redressed by a favorable decision.'" *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1991)). "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

Plaintiff does not explain how he is injured by Defendants continuing to receive their salaries. Nor is the Court able to imagine how he could be injured by the EEOC continuing to pay its employees. For these reasons, the Court finds that Plaintiff has failed to plead that he has been injured in fact by Defendants receiving their salaries from the EEOC, and thus he has failed to establish standing to seek relief via either mandamus or injunction. Accordingly, the Court recommends that this portion of Defendant's Complaint be dismissed.

### d. The Court lacks jurisdiction to direct the EEOC's intake operations.

Plaintiff also requests that the Court order "that Plaintiff will receive a proper EEO intake as required under 29 CFR with his Rights and Responsibilities being served." (ECF No. 3:8.)

Although Plaintiff has attached an e-mail receipt of his EEO intake questionnaire to his Complaint, he has provided no further information regarding any appeal or final agency decision regarding the questionnaire. (ECF No. 3:9.) Plaintiff merely states in his Complaint that "No exhaustion requirements apply" because he is seeking a writ of mandamus. (ECF No. 3:3.)

Plaintiff is incorrect in thinking that mandamus relief is available to him regarding the EEO's intake procedures. A writ of mandamus is only available to a plaintiff where there are "no other adequate means to attain the relief he desires." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S.

367, 380 (2004). Here, both injunctive and declaratory relief are available to Plaintiff under the APA. Therefore, Plaintiff cannot seek a writ of mandamus directing the EEOC's intake operations.[3]

As Plaintiff seeks only a writ of mandamus regarding his EEO intake questionnaire, and as the APA provides an alternative remedy, the Court accordingly recommends that Plaintiff's claim for "proper EEO intake" be dismissed. (ECF No. 3:8.)

### e. The Court lacks authority to compel an EEOC employee to rescind a demand letter.

The Court next turns to Plaintiff's request that the Court issue "a Restraining Order . . . in which Defendant's [sic] Cease and Desist Order is invalid at time of service." (ECF No. 3:8.)

The nature of the communication Plaintiff received or is due to receive is unclear from his Complaint. Plaintiff refers to the "Cease and Desist Order" levied against him as a "letter . . . written by Carlton Hadden." (*Id.* at 1.) Given this description, the Court assumes that Plaintiff received a demand letter asking him to cease communicating with EEOC employees. Viewed in this light, the Court cannot grant Plaintiff's request as it knows of no authority which would enable it to direct the day-to-day operations of EEOC's legal or administrative staff. Moreover, Plaintiff's Complaint is so vague and conclusory in its wording regarding this claim that the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

---

[3] Although Plaintiff does not lodge a claim for injunctive relief under the APA, the Court notes for the sake of completeness that Plaintiff has failed to plead sufficient facts in his Complaint to establish that he has exhausted his administrative remedies, and thus cannot establish that the finality requirement of the APA has been met. *See Harris v. Honda*, 213 F. App'x 258, 262 (5th Cir. 2006) (holding that a "questionnaire cannot substitute a formal charge" and therefore is insufficient to meet administrative exhaustion requirements).

As the Court lacks authority to order an EEOC employee to rescind a demand letter, and because Plaintiff's request in asking the Court to so order is vague and conclusory, the Court recommends that Plaintiff's request for a restraining order or preliminary injunction be dismissed.

### f.     The Court should not issue any preliminary injunction against Defendants.

Plaintiff also asks that the Court issue a restraining order barring Defendants from "further intimidation . . . (the malicious Prosecution)" against him. (ECF No. 3:8.) The Court also addresses Plaintiff's request for a restraining order "barr[ing Defendants] from any communication or action with plaintiff and not to be within 50 feet of Plaintiff." (*Id.* at 7.)

The Court interprets Plaintiff's request for a restraining order as a motion for a preliminary injunction. A party seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012), citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). "A preliminary injunction is 'an extraordinary remedy' which should only be granted if the party seeking the injunction has 'clearly carried the burden of persuasion' on all four requirements." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003), quoting *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Although Plaintiff refers to "malicious Prosecution" (ECF No. 3:8) in his Complaint, he provides few details regarding the alleged prosecution against him. Plaintiff has not indicated any harm that will result should his request for a preliminary injunction be denied. Moreover, the

10

EEOC and its employees would surely suffer harm from having the Court interfere with its activities, as would the public interest. Therefore, Plaintiff has met none of the requirements for a preliminary injunction, and the Court accordingly recommends that his request for a restraining order or preliminary injunction be denied.

### g. The Court should decline to direct or otherwise refer this Complaint to the Department of Justice.

Plaintiff further asks that the Court "[n]otify the Department of Justice Civil Rights Division" of Defendants' crimes, including threats and obstruction of justice. (ECF No. 3:8.)

"There is no federal constitutional right to compel an investigation." *Starrett v. City of Richardson, Texas*, 766 F. App'x 108, 111 (5th Cir. 2019), cert. denied, 140 S. Ct. 122 (2019). "It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (per curiam), citing *U.S. v. Batchelder*, 442 U.S. 114, 124 (1979); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws.") (internal quotations omitted).

As Plaintiff has presented little information regarding the alleged prostitution RICO conspiracy or other crimes in his Complaint, the Court recommends that Plaintiff's request for criminal referral of this case to the Department of Justice be denied.

### h. Plaintiff's request for appointment of an attorney should be denied.

Finally, the Court notes that Plaintiff attached a Motion for Appointment of Counsel to his Complaint and Application to Proceed in Forma Pauperis. (ECF No. 1-3.) As the Court has recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief

11

can be granted, the Court accordingly recommends that Plaintiff's Motion for Appointment of Counsel be denied as moot.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for being frivolous and for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B), and his Motion for Appointment of Counsel be **DENIED** as moot.

**SIGNED** this 18th day of May, 2021.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**